IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOU DEAN MCCANDLESS,<br><br>    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EAJA FEES**<br><br>Case No. 2:10-cv-1131-BCW<br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff's Motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] Plaintiff requests $21,613.35 to be paid by the United States Government pursuant to the EAJA. For the reasons set forth below, the Court DENIES Plaintiff's Motion for attorney fees.

## BACKGROUND

This case arises from an appeal of a decision of the Commissioner of the Social Security Administration denying Plaintiff's claims for disability benefits under the Social Security Act. Relevant to the Court's decision is the following procedural background in this case. Plaintiff filed her claim for relief on November 17, 2010.[2] On October 5, 2011, Defendant filed a Motion to Remand the case to the Social Security Administration pursuant Sentence Four.[3] The same day, the Court granted the Motion to Remand and the Clerk of Court issued a "Judgment in a

---

[1] Docket no. 35.

[2] Docket no. 3.

[3] Docket no. 32.

Civil Case" reversing and remanding the case to the Commissioner for further proceedings pursuant to the order of the Court and sentence four of 42 U.S.C. § 405(g).[4]

## ANALYSIS

The EAJA provides that in civil actions, a party who prevails against the United States is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[5] The EAJA also provides in relevant part, that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses…"[6]

Through this petition for EAJA fees filed on November 25, 2015, Plaintiff's counsel asserts "…counsel expended 92.50 hours of attorney time and 53.45 hours of paralegal time in the prosecution of this case. The attorney time should be compensated at the rate of $190.32 per hour, and paralegal time at the rate of $75.00 per hour, for a total of $21,613.35."[7] Defendant challenges Plaintiff's petition for two reasons. Namely, Defendant argues "Plaintiff's motion should be denied because it was filed more than three years late. In the alternative, Plaintiff's motion should be denied because she did not submit a timesheet and thus cannot carry her burden in proving that her request is reasonable."[8] In response, Plaintiff argues that her motion is timely because "on May 31, 2012, this court remanded this case to the administrative law

---

[4] Docket no. 34.

[5] 28 U.S.C. § 2412(d)(1)(A).

[6] 28 U.S.C. § 2412 (d)(1)(B).

[7] Docket no. 35.

[8] Docket no. 36. Because the Court finds Defendants' first argument to have merit, the Court will not discuss Defendant's second argument for denial of attorney fees under the EAJA.

judge of the Social Security Administration.[9] That case was finally heard in 2009 and a fully favorable decision was issued on September 25, 2015. Pursuant to 42 U.S.C. § 405(g) that decision became final on approximately November 26, 2015. Plaintiff took it for granted that the government would have access to this information."[10]

Plaintiff's arguments not only misstate the relevant dates in this case but also to lack merit. As further explained below, under the EAJA and 10th Circuit precedent, Plaintiff's motion is untimely.

The 10th Circuit has recognized that "[i]n a suit challenging the denial of social security disability benefits, it is a judgment reversing and remanding a case to the Secretary for additional proceedings under sentence four of 42 U.S.C. §405(g) that makes a plaintiff a prevailing party for the purposes of the EAJA."[11]

> By the same token, it is the *district* court's remand order that will trigger appellant's time to file her fee application. Under EAJA, the prevailing party must apply for fees within thirty days of final judgment in the action. A final judgment in the action is a judgment rendered by a court that terminates the civil action for which EAJA fees may be received and is made effective when it has been entered on a separate document in compliance with Fed.R.Civ.P. 58. The 30-day EAJA clock begins to run after the time to appeal that [effective] final judgment has expired.[12]

In *Goatcher v. Chater*, the 10th Circuit established a policy that EAJA fee applications in social security cases be filed in the first instance in the district court.[13] In establishing such a policy, the 10th Circuit reasoned "…an appellant who wins a remand from this court in a social

---

[9] As noted above, the Court remanded this case to the Commissioner on October 5, 2011-not May 2012 as stated in Plaintiff's pleadings. *See* docket no. 34.

[10] Docket no. 37.

[11] *Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir. 1995)(citing *Shalala v. Schaefer*, 113 S.Ct. 2625, 2631-32 (1993).

[12] *Id*. (internal quotations and citations omitted). *See Shalala* at 2625 (stating that the EAJA's thirty-day time limit begins to run at the end of the sixty-day period for filing an appeal in a social security case).

[13] *Id*. at 982.

security disability case nevertheless cannot establish his or her entitlement as a prevailing party to apply for EAJA fees until the district court has entered its "sentence four" order of remand to the Secretary."[14]

Here, the Court entered its remand pursuant to sentence four on October 5, 2011.[15] Thus, the thirty-day time limit under EAJA began to run in this case on December 5, 2011, as that is the day when the sixty-day period for the parties to appeal the district court's remand and judgment expired.[16] Therefore, Plaintiff's filing of her Motion for Attorney Fees on November 25, 2015 is untimely. The case law is clear that the final judgment is the date in which the district court enters its sentence four remand, not when the Plaintiff received a favorable judgment from the Social Security Administration as Plaintiff suggests. Plaintiff's Motion is therefore DENIED as untimely.

## CONCLUSION & ORDER

Having considered the parties' pleadings, the procedural history of the case, the arguments of counsel, and relevant case law, the Court finds Plaintiff's Motion for Attorney Fees pursuant to the EAJA to be untimely. Accordingly, IT IS HEREBY ORDERED that

(1) Plaintiff's Motion for Attorney Fees pursuant to the EAJA[17] is DENIED.

---

[14] *Id*. at 981.

[15] Docket no. 34.

[16] *See* 28 U.S.C. § 2412(d)(2)(G)(providing that, for purposes of the EAJA, the term, "final judgment" means a judgment that is final and not appealable.)

[17] Docket no. 35.

**IT IS SO ORDERED.**

    DATED this 6 January 2016.

                                        Brooke C. Wells
                                        United States Magistrate Judge